Henry L. WALTHER, Plaintiff,

v.

**FEDERAL ELECTION COMMISSION, Defendant.**

Civ. A. Nos. 78–2097, 78–2193.

United States District Court, District of Columbia.

April 25, 1979.

See also, D.C., 468 F.Supp. 1235.

Alan P. Dye, N. MacKenzie Canter, III, Washington, D. C., for plaintiff.

William C. Oldaker, Gen. Counsel, Charles N. Steele, Associate Gen. Counsel, Lawrence M. Noble, Deborah E. McFarland, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CHARLES R. RICHEY, District Judge.

Plaintiff has moved this Court for an order compelling a third party, the American Federation of Labor and Congress of Industrial Organizations, ("AFL–CIO") to appear and be deposed. Because depositions of third parties are not relevant in suits under 2 U.S.C. § 437g(a)(9), the Court must deny plaintiff's request.

## I. BACKGROUND

Plaintiff, a registered voter residing in Virginia, brings these two consolidated actions pursuant to 2 U.S.C. § 437g(a)(9); this statute permits an individual who has been aggrieved by the failure of the Federal Election Commission (hereinafter, "FEC" or "the Commission") to act upon his complaint to petition the United States District Court for the District of Columbia for relief. The complaints which plaintiff filed with the FEC asserted that certain members of Congress had violated 2 U.S.C. §§ 441a(a)(2)(a) & 441j by accepting campaign contributions from both the multicandidate political committee of the AFL–CIO and similar political committees sponsored by unions which are members of the AFL–CIO. In essence, plaintiff alleges that these separate political committees are controlled by the same group of persons and, thus, under 2 U.S.C. § 441a(a)(5), they must be treated as *one* political committee. Moreover, plaintiff contends that the recipients of contributions from these political committees were actually aware of the allegedly improper control. The petition which is before this Court contends that the FEC acted contrary to law in dismissing 45 complaints containing these allegations. In its order of April 17, 1979, 468 F.Supp. 1235, this Court ruled that the plaintiff had pled the basic elements of a cause of action under 2 U.S.C. § 437g(a)(9).

Plaintiff now seeks to depose the AFL–CIO. He claims that this discovery is necessary in order for him to prove the existence of the control which he has alleged in his complaints to the FEC. The Court, however, cannot accept plaintiff's view of the issues raised by his petition and, accordingly, it must deny plaintiff's motion.

## II. INFORMATION POSSESSED BY THIRD PARTIES IS NOT RELEVANT TO SUITS UNDER 2 U.S.C. § 437g(a)(9).

The Federal Election Campaign Act of 1971, as amended, 2 U.S.C. §§ 431–455, ("the Act") envisions three types of enforcement actions by private citizens, like the plaintiff in this case. First, pursuant to 2 U.S.C. § 437g(a)(1), any person who believes that a violation of the Act has occurred may file a sworn complaint with the FEC. Second, if the Commission fails to act upon a sworn complaint, the aggrieved party may petition this Court for a ruling that the Commission's inaction is contrary to law. 2 U.S.C. § 437g(a)(9). Finally, if this Court

decides that the Commission has acted contrary to law and the Commission then fails to comply with the Court's ruling, the Act provides that "the complainant may bring in his own name a civil action to remedy the violation in the original complaint." 2 U.S.C. § 437g(a)(9)(C).

In the present case, the plaintiff's suit falls within the second category. Thus, the issue is whether, based on the information presented by the plaintiff, the FEC acted contrary to law in refusing to investigate his complaints. Because the sole issue in this case concerns the decision of the FEC, the acts of third parties are neither relevant nor likely to lead to relevant information. Plaintiff's attempt to investigate the political committees of the AFL–CIO is really aimed at transforming this action into a full-blown investigation. The Act, however, is clear that such investigations are the exclusive domain of the FEC, until the FEC has refused to follow a court order compelling an investigation. Plaintiff should not be permitted to frustrate the statutory scheme by engaging in premature investigative discovery.

Moreover, the first amendment interests delineated in *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), and *Herbert v. Lando,* —— U.S. ——, ——, 99 S.Ct. 1635, 1650, 60 L.Ed.2d 115 (1979) (Powell, J., concurring), also compel denial of plaintiff's discovery request. Mr. Justice Powell, concurring in *Herbert v. Lando,* —— U.S. ——, ——, 99 S.Ct. 1635, 1650, 60 L.Ed.2d 115 (1979), states the appropriate rule of law: "[W]hen a discovery demand arguably impinges on First Amendment rights a district court should measure the degree of relevance required in light of both the private needs of the parties and the public concerns implicated." This Court, in *Democratic National Committee v. McCord,* 356 F.Supp. 1394 (D.D.C.1973), has recognized that discovery may be restricted when it unnecessarily interferes with first amendment activity. In *Buckley,* the Supreme Court declared that both contributions and expenditures for political purposes were "speech" within the meaning of the first amendment. 424 U.S. at 14, 96 S.Ct.

612. It cannot be doubted that plaintiff's depositions of the AFL–CIO would involve unwarranted intrusion into the political activities of the organization and such intrusion may well curb or otherwise interfere with the organization's legitimate political activity. The protection of first amendment rights provides compelling support for this Court's interpretation of the Federal Election Campaign Act.

In light of the lack of relevance of any information which the proposed deponent might possess and in light of the deponent's first amendment interests, plaintiff's motion to compel the taking of the deposition shall be denied.

## III. CONCLUSION

In suits under 2 U.S.C. § 437g(a)(9), the Court's sole concern must be the information presented to the FEC. Accordingly, any information possessed by third parties is irrelevant and discovery of such information should not be permitted. To hold otherwise would not only destroy the statutory scheme, but also unnecessarily interfere with the legitimate first amendment activities.

Upon consideration of the entire record herein, and in the interest of justice, it is, by the Court, this 25th day of April, 1979,

ORDERED, that plaintiff's motion to compel the taking of the deposition of the American Federation of Labor and Congress of Industrial Organizations be, and the same hereby is, denied.